IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VICTOR GOTAY | § | |
| | § | **C.A. NO. G-07-229** |
| VS. | § | |
| | § | |
| | § | Pursuant to Rule 9(h) of |
| | § | the Federal Rules of Civil |
| BLOCK ONE MARINE, INC. and | § | Procedure – ADMIRALTY |
| B.N. BARROIS & SON, L.L.C. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION, FOR IMPROPER VENUE OR FORUM
NON CONVENIENS**

Plaintiff Victor Gotay ("Plaintiff") responds to Defendants' Motion to Dismiss for

Lack of Personal Jurisdiction, Improper Venue or Forum Non Conveniens, as follows:

**I.    SUMMARY OF RESPONSE**

The Court should deny Defendant's Motion because this suit arises from and is

related to Defendants' contacts with Texas—therefore, the Court has specific jurisdiction

over Defendant.  Further, the Court's assumption of jurisdiction over Defendants will not

offend traditional notions of fair play and substantial justice and will be consistent with the

constitutional requirement of due process.  Because this Court has jurisdiction over

Defendants, venue is proper here.  Finally, the doctrine of forum non conveniens has no

application when the proposed alternative forum is another federal court, as is the case here.

**II.    EVIDENCE SUBMITTED**

In support of his response, Plaintiff offers the following evidence:

Exhibit A      Excerpts from Deposition of Bertheny Barrois, Jr.

Exhibit B.      Excerpts from Deposition of Bertheny Barrois, III.

| | |
|---|---|
| Exhibit C | Excerpts of Corporate Representative Deposition for B.N. Barrois & Son, L.L.C. |
| Exhibit D | Excerpts from Deposition of Cammie Templet |
| Exhibit E | Excerpts from Plaintiff's Personnel File |
| Exhibit F | Coast Guard Accident Report |

## III.  BACKGROUND

Defendant Block One Marine, Inc. ("Block One") and Defendant B.N. Barrois & Son, L.L.C. ("BNB") are related companies. Specifically, Block One is wholly owned by B.N. Barrois, Jr. *See* **Exhibit A,** at p. 7. Block One and B.N. Barrois, III jointly own BNB. *See* **Exhibit B,** at p. 6. The two companies have a shared office and share a common bookkeeper. *See* **Exhibit B,** at p. 9; **Exhibit C,** at pp. 22-23. Employees for each company will sometimes move back and forth between the two companies. *See* **Exhibit D,** at p. 10. Neither Block One, nor BNB has a policy prohibiting the hiring of Texans. *See* **Exhibit A,** at p. 37, **Exhibit C,** at pp. 10 and 17-18.

Block One hired Plaintiff on June 23, 2006, through an employment agency. *See* **Exhibit E.** In his employment application, Plaintiff provided his Texas drivers' license, identifying himself as a Texas resident, and noted throughout his application that he was a Texas resident. *See id.*

Plaintiff normally worked for Block One on its vessel, the JEAN PIERRE. In March 2007, BNB approached Plaintiff to work for them. *See* **Exhibit C,** at pp. 8-9. Plaintiff was working on BNB's vessel, the FRENCH LADY, when he was injured. *See id.* at pp. 9-10; **Exhibit B,** at p. 11.

Plaintiff was injured on March 26, 2007, suffering injuries to his wrist and back. *See* **Exhibit F.** He immediately had wrist surgery in Louisiana. He then returned to his home

in Houston.   Block One paid for his bus fare to return home.  *See* **Exhibit D,** at pp. 12-13.
When his wrist continued to bother him, he asked his employer Block One to send him to a
doctor near his home in Houston.  *See id.* at pp. 19-20.  Block One agreed and sent him to
Dr. Todd Siff in Houston.  *See id.* at pp. 21-22.  On April 5, 2007, Dr. Siff saw Plaintiff and
Dr. Siff recommended follow up surgery.  *See id.* at p. 22. However, Block One refused to
authorize this surgery because they wanted Plaintiff to file a claim under a health insurance
policy.  *See id.* at pp. 22-23.  Plaintiff saw a second Houston doctor, Dr. Kenneth Berliner,
who agreed with Dr. Siff's recommendation and performed surgery.  To date, neither Block
One nor BNB has paid for this medical care.  *See id.* at p. 25.

Plaintiff filed this suit on April 25, 2007, and brings claims against Defendants for
negligence under the Jones Act, a claim for unseaworthiness, and a claim for maintenance
and cure benefits.  This case does not have a trial setting and is scheduled for a Rule 16
conference on November 9, 2007.

## IV.     ARGUMENT AND AUTHORITIES

### A.     Motion to Dismiss for Lack of Personal Jurisdiction

Defendants move to dismiss for lack of personal jurisdiction and claim that the
Court does not have specific jurisdiction over them because they did not purposefully
direct their activities to Texas and that such activities do not arise from or relate to the
claims made in this suit.  Also, Defendants claims that they do no business in this State.

#### 1.     Scope and Standard of Review

In Federal Court, personal jurisdiction over a nonresident defendant is proper if:
1) the defendant is amenable to service of process under the forum state's long-arm
statute; and 2) the exercise of jurisdiction over the defendant is consistent with due

process. *See Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Texas long-arm statute authorizes service of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. 17.042. Because the phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry collapses into a single due-process inquiry. *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).

Whether the exercise of personal jurisdiction over a defendant is consistent with the Due Process Clause of the United States Constitution likewise requires a two-prong inquiry. First, the Court must conclude that the defendant has had "minimum contacts" with Texas. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, the Court must determine that requiring the defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.*; *see Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

The "minimum contacts" aspect of due process can be satisfied by either finding specific jurisdiction or general jurisdiction. *See Wilson*, 20 F.3d at 647. If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *See Ruston Gas Turbines*, 9 F.3d at 418-19. The minimum contacts prong for specific jurisdiction can be satisfied by a single act if the nonresident defendant "purposefully avails itself of the privilege of conducting activities in the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed

4

toward the forum state "such that the [defendant] should reasonably anticipate being haled into court there"); *see also Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990)("It is well settled that specific jurisdiction may arise without defendant's ever stepping foot on the forum state's soil . . .").

After finding that sufficient contacts exist, the Court next examines whether requiring a defendant to defend a suit in Texas would satisfy "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316. In determining the fundamental fairness issue, the Court must examine five factors: the defendant's burden; the forum state's interests; the Plaintiff's interest in <u>convenient</u> and effective relief; the judicial system's interest in <u>efficient</u> resolution of controversies; and the states' shared interest in furthering fundamental social policies. *See Ruston Gas Turbines*, 9 F.3d at 421. An otherwise valid exercise of personal jurisdiction is presumed to be reasonable. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995). Thus, once a court finds purposeful availment, it is the defendant's burden to present a compelling case that the exercise of jurisdiction would be unreasonable. *Burger King Corp.*, 471 U.S. at 477.

Generally, the plaintiff bears the burden of establishing the Court's jurisdiction over a nonresident defendant. *See Wilson*, 20 F.3d at 648. However, it is sufficient for the plaintiff to make a prima facie showing of jurisdiction, and any conflicts between affidavits are resolved in favor of the plaintiff. *See Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 785 (5th Cir.1990); *Guyton v. Pronav Ship Mgmt., Inc.*, 139 F.Supp.2d 815, 818 (S.D.Tex.2001).

2.    The Court Has Specific Jurisdiction Over Defendants

Defendants purposely hired a Texan and purposely availed itself of the laws of this State.  There was no doubt that Plaintiff was a Texan when Defendants hired and employed him.  Defendants had no policy against hiring Texans.  When their Texan employee was hurt, they arranged for him to be returned to Texas and arranged for him to see a Texas doctor.  He has now seen several Texas doctors.  When they hired and employed Plaintiff, Defendants knew that, if hurt on the job, Plaintiff would seek medical care in his home state, and Defendants would be obligated to pay for it, and possibly defend a lawsuit here.  This has now happened.  Defendants' hiring and employment of Plaintiff, a Texan, is directly related to the causes of action raised in this lawsuit. Specific jurisdiction is established.

3.    Fair Play and Substantial Justice Requirement is Met

Once a court has found that minimum contacts exist, "[o]nly in rare cases...will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *See Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex.1991).  Indeed, once minimum contacts are established, a defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

There will be limited burden to Defendants to have this case litigated in Texas. Four depositions have been taken so far in this case and all were taken in Louisiana.  The key witnesses in Texas are Plaintiff and his treating doctors.   There is one doctor in Louisiana who treated Plaintiff.  In any event, such medical depositions are routinely

taken by deposition, so the burden will be the same whether this case is tried in this Court or in Louisiana. The only other possible witnesses are two crew members aboard the vessel. Both are believe to reside in Louisiana. Neither are believed to have witnessed the incident. The convenience of witnesses who are also employees of a defendant are entitled to less weight, because the defendant can compel their testimony at trial. *See, e.g., Robertson v. M/V CAPE HUNTER*, 979 F.Supp. 1105, 1107 (S.D.Tex.1997). Regardless of whether they are still employed by the Defendants or not, this Court has found that seamen spend much of their lives on the sea and are often unavailable for trial in any venue. *See LeBouef v. Gulf Operators, Inc.*, 20 F.Supp.2d 1057, 1060 (S.D. Tex 1998). When this happens, the parties must submit their testimony in the form of depositions, which can be done with "equal ease" in any court. *See id.*

Therefore, the burden of litigating here is negligible to the Defendants. On the other hand, dismissal will work against Plaintiff's interest in convenient relief and the judicial system's interest in "efficient resolution of controversies."

Plaintiff has a strong interest in having this case tried in his home State and Judicial District, as soon as possible. Dismissal will obviously work against that. This case was filed six months ago. If this case is dismissed, he will be forced to re-file in another Court and will move to the back of the line in that Court--delaying his day in court. This will cause him and the Defendants additional expense.

The Judicial System's interest in the efficient resolution of controversies will also be frustrated by dismissal. If dismissed, this case will be re-filed in another forum, and the parties will start all over again with a new court. This would hardly be efficient. Further, the State of Texas has a strong interest in providing a forum for its citizens who

are injured on the job, no matter where that might be.   Texas and its residents have a great interest in this dispute, as Defendants' safety measures, or lack thereof, directly impact the residents of Texas.   It is well-established that the State of Texas has a "manifest interest" in providing its residents with a convenient forum for redressing injuries inflicted upon them by out-of-state transgressors. *See Burger King*, 406 U.S. at 473.   The other states' interest mirror the State of Texas' interest and presumably, Louisiana would want to provide a forum to its Jones Act seaman residents if they were injured while working for a Texas company.

Plaintiff has met his burden of showing a prima facie case of specific jurisdiction here.   This is simply not the "rare" case where the exercise of jurisdiction does not comport with fair play and substantial justice.   Defendants have failed to make a "compelling case that the presence of some consideration would render jurisdiction unreasonable." Therefore, their motion should be denied.

**B.   Motion to Dismiss, Improper Venue**

Next, Defendants move to dismiss for improper venue.   In an action under admiralty law, venue is proper wherever the defendant may properly be served. *See Potts v. Cameron Offshore Boats, Inc.,* 401 F.Supp.2d 733, 738, (S. D. Tex. 2005)(citing FED. R. CIV. P. 82; *In re Louisville Underwriters*, 134 U.S. 488, 490 (1890)("By the ancient and settled practice of courts of admiralty, a libel in personam may be maintained for any cause within their jurisdiction, wherever a monition can be served upon the libelee....")); *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir.1981) ("[T]he general admiralty practice prevails, in which venue and personal jurisdiction merge."); *Richoux,*

126 F.Supp.2d at 1009 ("[F]or claims in admiralty, venue lies wherever a district court has jurisdiction over the defendant.").

Plaintiff's Complaint invokes this Court's admiralty jurisdiction. As set forth above, Defendants are subject to this Court's jurisdiction and therefore, venue is also proper in this District.

### C.    Motion to Dismiss, Forum Non Conveniens

The doctrine of forum non conveniens derives from the proposition that "[i]n rare circumstances, federal courts can relinquish their jurisdiction in favor of another forum." *Quackenbush v. Allstate Ins. Co.,* 116 S.Ct. 1712, 1724 (1996).

However, the U.S. Supreme Court makes it abundantly clear that the doctrine of forum non conveniens does not apply here. "The common-law doctrine of forum non conveniens 'has continuing application [in federal courts] **only in cases where the alternative forum is abroad**,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 127 S.Ct. 1184, 1186 (2007)(emphasis added)(quoting *American Dredging Co. v. Miller*, 114 S.Ct. 981, 986 n. 2 (1994)). "For the federal-court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Id.*

Defendants are asking the Court to dismiss pursuant to forum non conveniens, in favor of another federal forum, and the U.S. Supreme Court makes it clear that the doctrine does not apply here. The Court should deny the motion.

## PRAYER

**WHEREFORE,** Plaintiff respectfully requests that the Court deny Defendants'

Motion to Dismiss and that this case remain in the United States District Court for the

Southern District of Texas, Galveston Division.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: _A. G. Buzbee / IV_

Anthony G. Buzbee
State Bar No. 24001820
Federal I.D. No. 22679
1910 Ice & Cold Storage Bldg.
104 21st Street (Moody Ave.)
Galveston, Texas 77550
Phone: 409-762-5393
Fax: 409-762-0538

OF COUNSEL:
Peter K. Taaffe
State Bar No. 24003029
Federal I.D. No. 22675

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be served has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the ***24th day of October, 2007***. Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

John Davis/John Clark
Brown Sims, PC
1177 West Loop South, 10th Floor
Houston, Texas 77027

_Peter K. Taaffe_

Peter K. Taaffe