IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VICTOR GOTAY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-0229 |
| | § | |
| BLOCK ONE MARINE, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 15] filed by Defendants Block One Marine, Inc. ("Block One") and B.N. Barrois & Son, L.L.C., to which Plaintiff Victor Gotay filed a Response [Doc. # 24]. The Court has carefully reviewed the full record in this case. Based on this review and the application of relevant legal authorities, the Court concludes that it lacks personal jurisdiction over Defendants. Rather than dismiss, however, the Court will transfer the case to the United States District Court for the Eastern District of Louisiana.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a resident of Houston, Texas, and Defendants are Louisiana corporations. Plaintiff alleges that he was injured while working on the M/V FRENCH LADY, a vessel owned by Defendants. At the time of Plaintiff's injury, the vessel was docked in Houma, Louisiana.

Plaintiff filed this lawsuit against Defendants in the United States District Court for the Southern District of Texas, Galveston Division.  Defendants moved to dismiss for lack of personal jurisdiction, for improper venue, and for "*forum non conveniens*." Plaintiff filed his Response in opposition to the Motion to Dismiss.  Briefing is complete and the Motion to Dismiss is ripe for decision.

## II.   <u>ANALYSIS</u>

Defendants argue that the Court lacks personal jurisdiction, and Plaintiff argues that the Court has "specific jurisdiction."

### A.   <u>Standard for Personal Jurisdiction</u>

"In order for personal jurisdiction to satisfy Due Process requirements, a plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999)). For there to be specific jurisdiction, the non-resident defendant "must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that arise out of or relate to the defendant's activities directed at the

2

forum." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  The plaintiff bears the burden of establishing that the court has personal jurisdiction over the non-resident defendants.  *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005).

In this case, Defendants argue that they do not have sufficient minimum contacts for personal jurisdiction to exist.  Defendants are Louisiana corporations.  Plaintiff, a Texas resident, worked for Defendants in Louisiana.

Plaintiff argues that there are sufficient minimum contacts because Defendant hired Plaintiff knowing that he was a Texas resident and that Defendant has no policy against hiring Texas residents.  Plaintiff also argues that, after he was injured, Defendants sent him to a physician in Texas.

Defendants having hired a Texas resident does not establish minimum contacts for purposes of personal jurisdiction. *See, e.g., Chery v. Bowman*, 901 F.2d 1053 (11th Cir. 1990) (Florida court had no personal jurisdiction over Virginia resident where Florida resident went to Virginia to look for work and was hired by Virginia defendant); *Frisella v. Transoceanic Cable Ship Co.*, 181 F. Supp. 2d 644 (E.D. La. 2002); *Farbman v. Esskay Mfg. Co.*, 676 F. Supp. 666 (W.D.N.C. 1987); *Jennings v. Walt Disney World, Inc.*, 1992 WL 188374 (E.D. Pa. 1992) (stating in dicta that "a

company should not be held amenable to suit in every state from which it hires employees"). There is no evidence in this case that Defendants went to Texas to seek employees or that Defendants advertised for employees in Texas newspapers. *Cf. Coates*, 5 F.3d at 880 (Mississippi court had personal jurisdiction over non-resident defendant who went to Mississippi to solicit employees, held a meeting with the plaintiff and other potential employees, offered the plaintiff a job during the meeting in Mississippi, and advertised for workers in newspapers that were distributed in Mississippi).

Plaintiff's reliance on his assertion that Defendants "sent him" to a doctor in Texas is unavailing. The undisputed evidence establishes that Defendants sent Plaintiff to a doctor in Louisiana, who performed surgery on Plaintiff's wrist. Plaintiff then asked to return home, and Defendants paid his bus fare for the trip to Houston. When Plaintiff needed additional medical attention, Defendants directed him to return to Louisiana to see the doctor who performed the surgery. Plaintiff did not want to return to Louisiana and asked Defendants to schedule an appointment for him with a doctor in Houston. Defendants complied, scheduling an appointment for Plaintiff with Dr. Todd Siff with the Bone & Joint Clinic in Houston. Defendants did not, however, pay for Plaintiff's medical care in Houston. *Cf. Coates*, 5 F.3d at 883 (minimum contacts where non-resident defendant flew injured plaintiff to a Mississippi hospital for

treatment, initially paid for the treatment, then terminated payment for the plaintiff's medical treatment while he was still in the Mississippi hospital).  Additionally, Plaintiff asserts no claim regarding the adequacy of the medical care itself.

Defendants' only contacts with Texas were to hire a Texas resident and to schedule an appointment, at Plaintiff's request, with a Texas physician.  They did not purposely direct activities to Plaintiff in Texas and the litigation arises out of Plaintiff's injury in Louisiana.  As a result, Defendants lack minimum contacts with Texas necessary for the Court to exercise personal jurisdiction over them.

Even where, as here, a court lacks personal jurisdiction, it may transfer the case to a federal district court where personal jurisdiction exists.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985); 28 U.S.C. § 1406(a).  In this case, there is no dispute that there is personal jurisdiction over Defendants in the Eastern District of Louisiana or that the case could have originally been filed there.  The Court concludes that the interests of justice favor transfer rather than dismissal and will order the case transferred to Louisiana.

## III.   <u>CONCLUSION AND ORDER</u>

The Court does not have personal jurisdiction over Defendants.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 15] is **GRANTED**

only to the extent that this case will be transferred to the United States District Court for the Eastern District of Louisiana.  The Court will issue a separate transfer order.

SIGNED at Houston, Texas, this **16th** day of **November, 2007**.

Nancy F. Atlas
United States District Judge